UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANIELLE S. SCOTT,

            Plaintiff,                          Case No. 1:14-cv-1277

v.                                                  Honorable Robert J. Jonker

DANIEL H. HEYNS et al.,

            Defendants.
_____/

**OPINION**

       This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Heyns, McKee, Palmer and Laughhunn. The Court will serve the complaint against Defendants Leach, Becher, Buskirk and Unknown Parties identified as IBC Healthcare Workers.

**Discussion**

      I.       Factual allegations

Plaintiff presently is incarcerated with the Michigan Department of Corrections (MDOC) at the Michigan Reformatory (RMI) although the events about which he complains took place while he was incarcerated at RMI and the Bellamy Creek Correctional Facility (IBC). Plaintiff names the following Defendants: MDOC Director Daniel Heyns; IBC Warden Kenneth McKee; RMI Warden Carmen Palmer; MDOC Special Activities Coordinator David Leach; IBC Correctional Transportation Officer (Unknown) Becher;[1] IBC Nurses Laughhunn and Buskirk; and Unknown Parties identified as IBC Healthcare Workers.

On October 10, 2013, Plaintiff was being transported to IBC on a bus driven by Defendant Becher. Defendant Becher drove recklessly and at an excessive rate of speed which caused the front tires of the bus to veer off the road, resulting in the passengers, including Plaintiff, being thrown into the air. In the process of getting the front tires back on the road, Defendant Becher caused the bus to swerve into oncoming traffic. By this time Plaintiff had landed hard on his seat suffering injury to his head, neck and back.

Plaintiff and other passengers were taken to IBC Healthcare upon their arrival. Despite his severe pain and the circumstances of the bus incident, Plaintiff was only given aspirin and told to use a warm compress on his neck. Believing his treatment was inadequate, Plaintiff wrote a grievance against IBC Healthcare.

---

[1] Plaintiff identifies IBC Correctional Transportation Officer as "Becher" and "Becker." The Court assumes Plaintiff is referring to a single individual the spelling of whose name, Plaintiff is uncertain. Because Becher is the original spelling used by Plaintiff on the form complaint, the Court will use that spelling.

Around October 15, 2013, Plaintiff wrote a letter to the Ombudsman complaining about the bus incident, requesting that Defendant Becher be fired and describing IBC Healthcare's failure to treat him. Plaintiff's family members also called the Ombudsman's office to complain about the bus incident and Plaintiff's treatment. Plaintiff alleges that from that point on, in retaliation for his grievance writing and his letter to the Ombudsman, IBC Healthcare, including Defendants Unknown Parties identified as IBC Healthcare Workers, would not treat him.

On October 22, 2013, Plaintiff returned to IBC Healthcare complaining of severe pain. Defendant Buskirk told him she would talk to the medical provider about getting something for Plaintiff's pain if he would sign-off on his grievance. Plaintiff refused. Plaintiff was then seen by Defendant Unknown Party identified as a medical provider who also refused to treat Plaintiff unless he signed-off on his grievance. Plaintiff wrote another grievance against IBC Healthcare regarding his treatment. Two of Plaintiff's IBC healthcare grievances were denied by Defendant Laughhunn at Step III. Plaintiff also wrote letters to Defendant Heyns and McKee informing them about the bus incident, IBC Healthcare's failure to treat his injuries and requesting help.

Plaintiff states that he has been a practicing Muslim for more than 20 years. After he was transferred to RMI, he received a letter from Defendant Leach denying him a religious meal accomodation. Plaintiff wrote to Defendant Palmer asking for a religious meal accommodation and explaining that he was being denied a religious meal in retaliation for the complaint he filed with the Ombudsman's office. Plaintiff also wrote a grievance regarding the denial of a religious meal accommodation.

Plaintiff arguably raises claims under the Eighth Amendment for failure to protect and deliberate indifference to his serious medical needs and under the First Amendment for

retaliation and religious discrimination. Plaintiff seeks declaratory and injunctive relief, as well as monetary damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants Heyns, McKee, Palmer and Laughhunn, other than his claim that they failed to conduct an investigation in response to his grievances. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Heyns, McKee, Palmer and Laughhunn engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

At this juncture, the Court will order service of the complaint on Defendants Becher, Buskirk, Leach and Unknown Parties identified as IBC Healthcare Workers.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Heyns, McKee, Palmer and Laughhun will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants Becher, Buskirk and Leach.[2]

An Order consistent with this Opinion will be entered.

Dated:      January 16, 2015            /s/ Robert J. Jonker
                                        ROBERT J. JONKER
                                        UNITED STATES DISTRICT JUDGE

---

[2] The Court currently is without sufficient information to serve the complaint on Unknown Parties identified as IBC Healthcare Workers.