UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

DANIELLE S. SCOTT,

    Plaintiff,

v

DANIEL H. HEYNS, et al,

    Defendants.

No. 1:14-CV-01277

HON. HALA Y. JARBOU

---

Daniel E. Manville (P39731)
Attorney for Plaintiff
Michigan State University
College of Law
P.O. Box 1570
East Lansing, MI 48823
(517) 432-6866
Daniel.manville@law.msu.edu

Michael R. Dean (P71333)
O.G. Reasons (P80463)
Attorneys for Defendant Becher
Michigan Dept of Attorney General
MDOC Division
P.O. Box 30217
Lansing, MI 48909
(517) 335-3055
Deanm2@michigan.gov
ReasonsO@michigan.gov

---

## DEFENDANT'S TRIAL BRIEF

**I.     Introduction**

    This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by Plaintiff, Danielle Scott, a prisoner confined in the Michigan Department of Corrections (MDOC).  The sole remaining Defendant is Corrections Transportation Officer (CTO) Daryl Becher.  Scott sues Becher, alleging Becher violated Scott's Eighth Amendment right to be free from cruel and unusual punishment by driving recklessly with deliberate indifference to Scott's safety

while transporting Scott in a MDOC bus, resulting in injuries to Scott. (R. 1, Complaint, PageID.15, ¶ 36.)

Becher denies that he was driving recklessly. Becher states that while traveling at the required speed limit, he moved the bus to avoid what he believed to be a dead animal in the road, and the right tires of the bus went off the road. When Becher returned the tires to the road, the bus jerked left, resulting in Becher counter-steering the bus under control. (Becher Dep Tr., 19:14-21:6.) After the brief avoidance maneuver, the transport continued without incident. *Id*. at 30:2-9.

## II. Issues of fact

Becher will offer oral and evidentiary testimony that he was at all times driving the transport bus in a safe manner. CTOs Durnell and Uwanaka will testify that they were travelling on the bus with Becher and Scott and Becher was at all times driving in a same manner. Becher, along with CTOs Durnell and Uwanaka will testify that Scott, nor any other prisoner, ever voiced concern about Becher's driving until after the incident occurred.

## III. Issues of law

The Eighth Amendment's proscription against cruel and unusual punishment prohibits "the unnecessary and wanton infliction of pain." *Hudson v. McMillan*, 503 U.S. 1, 5 (1992). The Eighth Amendment requires prison officials to "'take reasonable measures to guarantee the safety of inmates.'" *Farmer v. Brennan,* 511

U.S. 825, 832, (1994) (quoting *Hudson v. Palmer,* 468 U.S. 517, (1984)).

Prevailing under the Eighth Amendment requires a plaintiff to satisfy both an objective and subjective component. The objective component requires a showing that "the failure to protect from risk of harm is objectively 'sufficiently serious.'" *Farmer*, 511 U.S. at 833. The subjective component—which is "deliberate indifference"—requires a plaintiff to demonstrate that a prison "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. In other words, "a prison official who was unaware of a substantial risk of harm to an inmate may not be held liable under the Eighth Amendment even if the risk was obvious and a reasonable prison official would have noticed it." *Bishop v. Hackle*, 636 F.3d 757, 767 (6th Cir. 2011), quoting *Farmer,* 511 U.S. at 841–842. And, "[d]eliberate indifference requires more than a showing of mere mistreatment or negligence." *Stoudemire v. Michigan Dep't of Corr.*, 705 F.3d 560, 568 (6th Cir. 2013). Therefore, accidents, mistakes, and other types of negligence are not constitutional violations just because the victim is a prisoner. *Estelle v. Gamble,* 429 U.S. 97, 106, (1976).

**CONCLUSION AND RELIEF REQUESTED**

The evidence will show that Defendant Becher was driving in a safe manner and was not deliberately indifferent to the safety of Plaintiff Scott. Defendant Becher could not have anticipated the presence of a dead animal on the road, or that

his attempt to avoid hitting the animal would cause the vehicle to quickly jerk while entering back onto the road.

      Defendants will request a jury verdict in their favor on all claims.

Respectfully submitted,

Dana Nessel
Attorney General

*/s/ O.G. Reasons*
O.G. Reasons (P80463)
Assistant Attorney General
Attorney for Defendant Becher
Michigan Dept of Attorney General
MDOC Division
P.O. Box 30217
Lansing, MI 48909

Date February 8, 2021

## PROOF OF SERVICE (E-FILE)

I hereby certify that on February 8, 2021, I electronically filed the foregoing document(s) with the Clerk of the Court using the ECF System, which will provide electronic notice and copies of such filing to the parties.

*/s/ O.G. Reasons*
O.G. Reasons (P80463)
