UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIELLE S. SCOTT,

        Plaintiff,

v.

DANIEL H. HEYNS,
*et al.*,

        Defendants.

                                  /

Case No. 1:14-cv-1277

HON. HALA Y. JARBOU

## **PLAINTIFF'S TRIAL BRIEF**

### Introduction

    This is a civil rights action filed by Plaintiff Danielle Scott under 42 U.S.C. § 1983, claiming a violation of the Eight Amendment. This action was filed in 2014 alleging that the Defendant Becher was deliberately indifferent to Plaintiff and caused serious injury to Plaintiff by driving recklessly during the transportation from one correctional facility to another. Plaintiff is seeking compensatory and punitive damages from Defendant.

    On December 1, 2020, Defendant moved for summary judgment stating that the risk of harm was not obvious, Defendant was not deliberately indifferent, and Defendant is entitled to qualified immunity. (ECF No. 92, PageID.411). The motion for summary judgement was denied based on a previous opinion from the 6th Circuit,

which found a stated Eight Amendment violation and that Defendant was not protected by qualified immunity. (ECF No. 107, PageID.702).

## Statement of Facts and Proposed Testimony

On October 10, 2013, Plaintiff and several other prisoners were being transported from Saginaw Correctional Facility to Bellamy Creek Correctional Facility in Ionia, MI. (ECF No. 1, PageID.10). Defendant Becher was driving the transportation bus. (*Id.*) According to Plaintiff, Defendant was driving recklessly, speeding and swerving in and out of the lanes on the road. (*Id.*) Plaintiff along with other inmates on the bus begged Defendant to slow down "before he killed [them] all," but he laughed at them and refused to slow down. (*Id.*) While driving on South Blackmer Road, Defendant allegedly saw a dead animal in the road. (*Id.*) Defendant swerved off the side of the road and the tires on the right side of the bus left the pavement onto the shoulder of the road. (*Id.*) Defendant jerked the bus to the left to bring it back on the road causing it to swerve across the divide in the road and then he jerked the bus back, which ejected plaintiff and the other passengers from their seats. (*Id.*)  Plaintiff was ejected into the air and landed on his seat injuring his back and neck. (*Id.*) C.T.O. Jillene Durnell and C.T.O. Uchenna Uwanaka were also on the bus as transportation officers. (*Id.*; Critical Incident Report, at 2). Plaintiff states that there were at least six cameras on the bus recording the incident. (ECF No. 1, PageID.10).

After arriving at Bellamy Creek Correctional Facility, Plaintiff and several other inmates were taken to healthcare. (*Id.*) Plaintiff expressed that he had extreme pain in his back and neck, received a cursory medical review, and was only prescribed over-the-counter pain medication (*Id.*)

On October 11, 2013, a Critical Incident Report was filed with the Michigan Department of Corrections regarding the incident that caused passengers to be thrown from their seats. (Critical Incident Report, at 6.) There were twenty-eight inmates on board the bus. (*Id.* at 3.) Staff reported "that prisoners were complaining of back and neck injuries" and that "[t]here was a multitude of medical complaints from prisoners involved." (*Id.*)

There are several inmates who will testify to the bus incident. Plaintiff, Quentin Betty, Montoya Givens, and potentially Antonio Lewis, David DeJonge, and Freddie Bills. They will all testify that they were passenger on the bus being driven by the Defendant, how Defendant was driving recklessly, how he lost control of the bus, how it went into the air, and how they were tossed around. Prison Officer Steve Sigafoose will testify regarding the filing of the Critical Incident Report. Bernadette Stone and Stacey Okert will testify regarding the conversations that occurred with the correctional officers following the incidents. Christopher Balmes will testify regarding the video he took while the inmates were departing the bus and while they were receiving medical care. He will also testify as to what happened to

the video. Finally, Karen J. Rosa will testify regarding the care Plaintiff received on the day of the incident after arriving at Bellamy Creek and his care for his injuries since the incident.

## Argument

Plaintiff Scott has created a question of fact as to whether Defendant Becher violated the Scott's Eighth Amendment right when Defendant acted with deliberate indifference towards Plaintiff through reckless driving of the transportation bus. According to the complaint, Scott was one of a number of prisoners being transferred from Saginaw Correctional Facility to Bellamy Creek Correctional Facility. Becher was driving above the speed limit, swerving, and generally driving recklessly. When Scott and other inmates "beg[ged] him to slow down, before [they] all die[d]," Becher refused, laughed, and instead accelerated. At some point, the speeding bus hit a bump, sending the front tires of the bus airborne. The inmates went airborne, too. As a result, Scott was catapulted out of his seat, and was then slammed down onto his head, neck, and back. When the bus tires landed, the front tire of the bus went off the road, and in an apparent overcorrection, Becher swerved the bus into the left lane before regaining control of the bus.

Scott has alleged actions by Becher that no reasonable corrections official could believe were legal or necessary. Caselaw supports that conclusion. In *Brown v. Fortner*, 518 F.3d 552, 561 (8th Cir. 2008), the Eighth

Circuit held that a reckless prison driver violated the (un-seat-belted) plaintiff's clearly established Eighth Amendment rights. The court concluded that the driver had "fair warning" that his actions were illegal. *Id.* Relying on *Fortner*, the Fifth Circuit reversed a dismissal under the Prison Litigation Reform Act of an Eighth Amendment claim brought by a prisoner who alleged that he was injured when the prison van driver drove recklessly, sped, and swerved, resulting in a sudden stop that threw the plaintiff from his seat. *Rogers v. Boatright*, 709 F.3d 403, 408–09 (5th Cir. 2013).

In this case, the Sixth Circuit noted that "[i]n light of the obviousness of the constitutional violation, Becher could not reasonably have believed that driving recklessly while Scott and the other prisoners were not wearing seatbelts was lawful." (ECF 46, PageID.240). Although a number of circuits have not addressed the specific reckless use of a vehicle to harm an inmate, "there is a clear consensus among the circuits" that "the Eighth Amendment protect[s] against the malicious and sadistic infliction of pain and suffering ... in a diverse range of factual scenarios." *Thompson v. Commonwealth of Virginia*, 878 F.3d 103, 105 (4th Cir. 2017). Using a vehicle maliciously to harm an inmate falls squarely into that category—especially when there is no risk posed by the inmate and no legitimate penal interest. *See id.* A "rough ride" is "a peculiarly cruel means of punishment, as [it] is designed to place the victim

in fear for his life. Not only is the prisoner not able to protect himself, but motor vehicles, unlike a controlled spray or direct applications of force, are not designed for use as a means of securing compliance or otherwise subduing a prisoner." *Id.* at 103.

WHEREFORE, based on the above, Plaintiff should be awarded a favorable verdict and both compensatory and punitive damages should be awarded.

> Respectfully submitted,
>
> /s/ Daniel E. Manville
> Daniel E. Manville (P39731)
> Director, Civil Rights Clinic
> Counsel for Plaintiffs
> MI. State University College of Law
> PO Box 1570
> East Lansing, MI. 48823
> 517-432-6886 (office)
> 517-432-6990 (fax)
> daniel.manville@law.msu.edu

## CERTIFICATE OF SERVICE

The undersigned hereby swears that on this date, February 8, 2021, electronically filed the above brief using the ECF system, which notified the opposing party and served a copy on that party's counsel.

> /s/ Daniel E. Manville
> Daniel E. Manville (P39731)